## John McLoughlin and Thomas Muldoon, executors, &c. *vs.* Thomas E. McLoughlin and others.

A testator, by the first clause of his will, gave and bequeathed to various relatives legacies amounting in the whole to $11,000; and he directed that such legacies be paid in such order, and by such installments, or otherwise, as his executors might deem most for the interest of his estate; and that they should pay interest thereon from the time of his death, half-yearly, until they should be paid. He then gave and bequeathed to M. M. $250 in quarterly payments, for life; and to the Roman Catholic Orphan Asylum, in the city of New York, $100 a year, until the lapse of 21 years from the time of the testator's death, or until the death of the survivor of his two youngest children living at the time of his death. And he directed his executors to apply, at their discretion, $50 a year to the relief of the poor of St. Mary's church, in Grand street, New York, until the lapse of 21 years from his death, or until the death of the survivor of his two youngest children. The last three legacies and annuities were to be a charge on the testator's leasehold property No. 197 Chatham street. By the seventh clause, in case he should leave more than one child him surviving, the tes-

McLoughlin *v.* McLoughlin.

tator divided the rest, residue and remainder of his estate, real and personal, into so many equal shares as there were children, and he gave one of said shares, as applicable to each child, to his executors and the survivors and survivor of them, his heirs and assigns for ever, *in trust* for the benefit of such children and their issue. The testator left him surviving two children. His personal estate was not sufficient, after the payment of his debts, to pay in full the legacies given by the will.

*Held,* 1. That the whole frame and scheme of the will plainly showed that the testator intended the legacies to be paid absolutely, and at all events; and that they were a charge upon the whole real estate of the testator; and if necessary his real estate, other than the leasehold interest in 197 Chatham street, must contribute to the full payment thereof.

2. That the legacies must be paid, in full, before the residue and remainder could be held and applied upon the trusts and to the uses declared in the seventh clause, &c.

3. That the direction to the executors to apply at their discretion $50 a year to the relief of the poor of St. Mary's church was valid, and could be enforced.

APPEAL from a judgment entered at a special term. The action was instituted by the plaintiffs as executors of the last will and testament of Peter McLoughlin, for the purpose, among others, of obtaining the judgment of this court as to the proper construction of said will. The will was as follows:

"*First.* I give and bequeath to my sister Alice, widow of Andrew Muldoon, $5000; to my sister Bridget, the wife of Patrick Byrnes of Chiconet, Susquehana county, state of Pennsylvania, $1000; to my nephew John McLoughlin, son of my brother Patrick, $2500; to my niece Bridget, daughter of said Patrick, $2500; and I direct that the said legacies be paid in such order, and by such installments, or otherwise, as my executors may deem most for the interest of my estate, and that they pay interest thereon from the time of my death half-yearly, until they shall be respectively paid.

*Second.* I give and bequeath to my half sister Mary McLoughlin $250 a year, in quarterly payments, from the time of my death, as long as she lives; such annuity to be a charge on my leasehold estate, known as No. 197 Chatham street, in the city of New York.

*Third.* I give and bequeath to the Roman Catholic Orphan

Asylum in the city of New York $100 a year, until the lapse of 21 years from the time of my death, or until the death of the survivor of my two youngest children living at the time of my death, or the death of my only child, if I leave but one, whichever event may first happen; such annuity to be a charge on my leasehold estate No. 197 Chatham street.

*Fourth.* I order and direct my executors to apply, at their discretion, $50 a year to the relief of the poor of St. Mary's church in Grand street, at the corner of Ridge street, in the city of New York, until the lapse of twenty-one years from the time of my death, or until the death of the survivor of my two youngest children living at the time of my death, or the death of my only child, if I leave but one, whichever event may first happen; such annual payment to be a charge on my said leasehold property, No. 197 Chatham street, in the city of New York.

*Fifth.* I give, devise and bequeath to my wife Ann F. C. McLoughlin, so long as she shall continue my widow, the use of my dwelling house, known as No. 232 Madison street, in the city of New York, and all my household furniture.

*Sixth.* I give and bequeath to my eldest son living at the time of my death, my watch and watch chain; if I should not leave any son, I give the same to my said nephew John Mc-Loughlin.

*Seventh.* In case I should leave more than one child me surviving, I divide the rest, residue and remainder of my estate, real and personal, into so many equal shares as I may leave children; and I give, devise and bequeath one of said shares as applicable to each of said children as follows, namely: I give such share to my executors hereinafter named, or to such of them as qualify as such executors, and the survivors or survivor of them, his heirs and assigns for ever, in trust to receive the rents and profits thereof, and to apply the said rents and profits to the use of such child as long as such child lives; and on the death of such child, leaving lawful issue, then in trust to grant, convey and deliver such shares to such

McLoughlin *v.* McLoughlin.

issue in equal shares, said issue taking by roots or stocks, and not by polls; and if such child should die without leaving lawful issue, then in trust to grant, convey and deliver such share absolutely to the next of kin of such child being my descendants, in such proportion as they would be entitled to take the same from such child as his or her next to kin; and in case such share was his or her personal estate, and he or she had died intestate, and without wife or husband him or her surviving, and in default of any such next to kin, then in trust to grant, bargain, sell and convert the same into money, and to pay and divide the proceeds of such share between and among my nephews and nieces who may be living at the death of such child, and the descendants of such of my said nephews and nieces as may then be dead, all my said nephews and nieces if living to take equal shares by polls, and the descendants of any of such nephews and nieces as may then be dead, to take by roots or stocks the share or proportion, only which the deceased nephew or niece whom they may represent would have taken if living.

*Eighth.* In case I should leave but one child me surviving, then I give, devise and bequeath the whole of such rest, residue and remainder of my real and personal estate to such person or persons, and upon the like trust, as applicable to such child and to his or her issue, and to his or her next of kin being my descendants; and in default of any such next of kin, to my nephews, nieces and their descendants as are mentioned and expressed in the seventh clause of this will touching the several shares of my residuary estate therein set apart as applicable to each of my children, in the event of my leaving more than one child."

The cause was tried before Justice MITCHELL, without a jury, at the New York circuit, in January, 1857. The judge found and decided as matter of fact: 1st. That the testator died on the fourth day of February, leaving a last will and testament, as set forth in the complaint and evidence, which was duly proved before the surrogate of the county of

New York, and letters testamentary therein issued to the plaintiffs, who took upon themselves the execution thereof. 2d. That the said testator left him surviving his widow, Ann F. C. McLoughlin, and two children, Thomas Edward Mc-Loughlin and Mary Ann McLoughlin, infants.    3d.  That the said widow intermarried with Daniel N. Dugan, in the month of May, 1856.  4th. That the personal estate of the said testator was not sufficient, after the payment of his debts, to pay in full the legacies given and bequeathed in and by his said will.   And the said justice found and decided as matter of law, that the real estate of the testator was not liable to pay the said legacies, or any deficiency therein, after the application of the whole personal estate to the payment thereof. To which decision the plaintiff John McLoughlin, and the defendants Alice Muldoon, Bridget Byrnes and Bridget Mc-Loughlin, excepted.   And thereupon judgment was entered in said action, in and by which it was decided and adjudged :

1st.  That Ann F. C. Dugan, widow of the testator, having married Daniel N. Dugan since the death of the said testator, to wit, on the 31st day of January, 1856, was not entitled, after the said subsequent marriage, to the use of the dwelling house known as No. 232 Madison street, or of the household furniture of the deceased, bequeathed in the said will, to the said Ann F. C., so long as she continued the widow of the testator.

2d.  That the bequest of the annuity to Mary McLoughlin of $250 a year was valid, and was a charge upon the lease-hold estate known as No. 197 Chatham street, and upon no other fund.

3d.  That the bequest of the annuity to the Roman Catholic Orphan Asylum in the city of New York of $100 a year was valid, and a charge upon the said leasehold estate 197 Chatham street, and upon no other fund.

4th.  That the bequest of the annuity to the poor of St. Mary's church in Grand street, at the corner of Ridge street, in the city of New York, of $50 a year, was invalid and void.

5th. That all the other bequests, devises and trusts contained in the said will were valid. ·

6th. That the legacies given in and by said will to Alice Muldoon, Bridget Byrnes, John McLoughlin and Bridget McLoughlin respectively, were not, nor was either of them, chargeable upon the real estate of which the testator died seized, but were to be paid out of the personal estate of the testator, if sufficient for such purpose ; and if not sufficient, then that the said legacies were to abate proportionably.

7th. That the plaintiffs, as executors of said will, or the survivor of them, be and they were thereby authorized to sell and dispose of the said leasehold estate No. 197 Chatham street, and out of the proceeds of sale to purchase an annuity for the said Mary McLoughlin, and for the said Roman Catholic Orphan Asylum respectively, for the periods mentioned in the will, and to apply the residue of said proceeds towards the payment of the legacies given and bequeathed in the first item of said will, viz. to said Alice Muldoon, Bridget Byrnes, John McLoughlin and Bridget McLoughlin.

8th. That each of the parties in this action, excepting the defendants Daniel N. Dugan and Ann F. C. Dugan his wife, out of the estate of the testator in the hands of the plaintiffs, be paid their costs in this action, with a counsel fee or allowance in addition.

The plaintiffs appealed from the 4th and 6th clauses of this judgment or decree, and the defendants Alice Muldoon, Bridget Byrnes and Bridget McLoughlin from the 6th clause.

*John E. Develin,* for the plaintiffs.   I. The order and direction of the testator to the executors to apply in their discretion $50 a year to the relief of the poor of St. Mary's church is a charitable bequest, and as such is valid. (*Williams* v. *Williams,* 4 *Selden,* 525.)   The order to the executors named in the will to apply the $50 per annum is positive, and makes them trustees for that purpose. (*Stubbs* v. *Sargon,* 2 *Keen,* 255.   3 *Mylne & Craig,* 507.)   And the discretion given to

them is not as to whether they will make the application, but as to the subjects of it ; and the same degree of certainty is not required in regard to the objects of a charitable bequest as in other cases. (*Williams* v. *Williams, ubi supra.*)

II. The personal property of the testator having proved insufficient to pay the legacies in full, they ought not to abate, but were intended by the testator to be a charge upon the real estate ; which intention is clearly inferable from the will, and is therefore the same as though the charge had been made in express words. (*Harris* v. *Fly,* 7 *Paige,* 421.) The provisions of this will touching this point are : " I direct that the said legacies be paid in such order, and by such installments or otherwise as my executors may deem most for the interest of my *estate,* and that they pay interest thereon from the time of my death half-yearly, until they shall respectively be paid. In case I should leave more than one child me surviving, I divide the *rest, residue* and *remainder* of my estate, real and personal, into as many shares as I may leave children. I give, devise and bequeath one of said shares, as applicable to each of said children, as follows." The testator then devises the rest, residue and remainder to his executors who may qualify, and directs them to apply the proportionate part of the rents and profits to the use of each child during his life, with cross remainders in case of death of either. The direction in the will is, substantially, that the executors shall pay these legacies ; for it is left with them by the testator to decide what time and manner of payment would be most for the interest of his estate, the whole of which, real and personal, is given to the executors as above mentioned. The testator, when giving this direction to his executors in regard to the payment of the legacies, refers not to his personalty or his realty, but to his entire estate—thus blending the personalty and realty, and making them one fund to be effected by the payment—a plain indication, that in his own mind the testator considered his whole estate as the fund out of which the legacies were to be paid, and consequently of his intention that both the per-

sonalty, and afterwards the realty if necessary, should contribute to the satisfaction of the bequests. (*Bench* v. *Biles*, 4 *Madd.* 187. *Tracy* v. *Tracy*, 15 *Barb.* 503. *Rafferty* v. *Clark*, 1 *Brad.* 473. *Hassanclever* v. *Tucker*, 2 *Binn.* 525.) The testator intended that the legacies should be paid in full; for he directs interest to be allowed from the time of his death half-yearly, until the legacies are paid; and thus, by implication, declares that he intended there should be no abatement. There is no specific or general disposition of any of the real estate of the testator in any section preceding the seventh section of his will, and in that section he devises "the rest, residue and remainder of his estate, *real* and personal," &c. These words are decisive of the intention of the testator to charge his realty to pay these legacies; for unless he intended to charge them on the real estate, the words "rest, residue and remainder," so far as the realty is concerned, would be inappropriate and without meaning. In this respect, the present case differs from the case of *Lupton* v. *Lupton*, (2 *John. Ch.* 614,) cited by Judge Mitchell at special term; for in the will there construed, the testator, before the residuary clause, had made devises of part of his real estate, as well as given legacies, and the doctrine of *singula singulis* was applicable: not so here. (2 *Jarman on Wills*, 532, 3, 4. *Aubrey* v. *Middleton*, *Vin. Abr. tit. Charge D.* *Hassell* v. *Hassell*, 2 *Dick.* 526. *Brudenell* v. *Boughton*, 2 *Atk.* 268. *Bench* v. *Biles*, 4 *Madd.* 187. *Cole* v. *Turner*, 4 *Russ.* 376. *Morehouse* v. *Scaife*, 2 *Myl. & Craig*, 695. *Tracy* v. *Tracy*, 15 *Barb.* 503. *Rafferty* v. *Clark*, 1 *Brad.* 473. *Nichols* v. *Postlewhaite*, 2 *Dall.* 131.)

III. The judgment of the special term should be reversed, and the legacies declared a charge upon the lands of the testator to the extent to which the personal property is insufficient to pay them.

*Wm. Fullerton*, for the infant defendants. I. The testator gave and *bequeathed* to his half sister Mary McLoughlin an

annuity of $250, and added, "such annuity to be a charge on my leasehold estate known as No. 197 Chatham street, in the city of New York." He also gave and *bequeathed* to the Roman Catholic Orphan Asylum $100 a year, for 21 years, and added, "such annuity to be a charge on my leasehold estate No. 197 Chatham street." To the other legatees he used similar language, "I give and bequeath," but did not make the other legacies a charge upon any part of his real estate. The testator then, after dividing the rest, residue and remainder of his estate, real and personal, into as many shares as he had children, proceeds, "I give, devise and bequeath one of said shares to each of said children as follows, namely: I give such share to my executors hereinafter named, and the survivors or survivor of them, his heirs and assigns for ever, in trust to receive the rents and profits thereof, and to apply the said rents and profits to the use of such child," &c.

II. The personal estate is the primary fund for the payment of debts and legacies, and the legal presumption is, where a legacy is given without any specification as to the fund out of which it is to be paid, that the testator intended it should be paid out of the personal estate only; and if that is not sufficient, the legacy fails. (*Harris* v. *Fly*, 7 *Paige*, 425.)

III. The real estate is not charged with legacies, unless that intent is expressed or clearly to be inferred from the will. (*Lupton* v. *Lupton*, 2 *John. Ch.* 614.) Such intent is not expressed in this case as to the legacies, nor is there any thing in the will to give rise to an *inference* that the testator intended to charge the lands with them. A contrary intent is manifest from the will. The *annuities* are in terms made chargeable on the Chatham street property. If the testator had intended to make the *legacies* chargeable upon lands, he would have employed like apt language for that purpose.

IV. The devise to the executors is in trust; they take no interest whatever in the lands.

McLoughlin *v.* McLoughlin.

*By the Court,* Sutherland, J. The judge, at special term, found and decided, as matter of fact, that the personal estate of Peter McLoughlin was not sufficient, after the payment of his debts, to pay in full the legacies given and bequeathed by his will. He also found and decided, as a conclusion of law, that the real estate of the testator was not liable to pay the said legacies, or any deficiency, after the application of the whole personal estate. to the payment thereof.

It does not appear from the complaint, or from the evidence in this case, what the term of the lease of 197 Chatham street, of which the testator died seised or possessed, was; whether it was for a term of years, or for the life of another, or in perpetuity; but as the judge, notwithstanding his decision and conclusion of law, that the real estate was not liable to contribute to the payment of the legacies, by the judgment which was entered, authorized the lease to be sold by the executors, and the proceeds to be applied to the payment of the legacies given by the first article of the will, after first providing for the payment of the annuities to Mary McLoughlin, and to the Roman Catholic Orphan Asylum, specifically charged thereon, I must assume that he did not consider the lease to be real estate, and that it must have appeared, or have been conceded on the trial, that the lease was for a term of years, or for the life of another, and was deemed to be assets of the testator, and as such to have passed to his executors on his death.

As the plaintiffs, the executors, and the defendants, Alice Muldoon and others, the legatees mentioned in the first article of the will, excepted to such decision of the judge, that the real estate was not liable to contribute to the payment of the legacies, and have appealed from such decision, I assume, what does not appear very clearly from the case, but was conceded on the argument, that the proceeds of the sale of the lease of 197 Chatham street, after providing for the payment of the annuities and legacies specifically charged thereon, will not be sufficient, together with the other personal estate of the testator, to pay his debts and the other legacies in full.

The question then is, whether the real estate of the testator, of which he died seised in fee, is liable to pay the legacies given by the first article of the will, or any deficiency, after the application of the personal estate, and of what shall remain of the proceeds of the sale of the lease, after providing for the payment of the legacies expressly charged on the lease.

By the first article of the will, the testator gives to his two sisters Bridget Alice Muldoon and Bridget Byrnes, and to his nephew John McLoughlin, and to his niece Bridget Byrnes, severally, legacies amounting in the aggregate to $11,000, and he directs, "that the said legacies be paid in such order, and by such installments, or otherwise, as my executors may deem most for the interest of my estate, *and that they pay interest thereon, from the time of my death, half yearly*, until they shall be respectively paid." By the second article, he gives an annuity of $250 a year for the term of her life to his half sister Mary McLoughlin ; by the third, an annuity or legacy of $100 a year to the Roman Catholic Orphan Asylum in the city of New York, until the lapse of 21 years from the time of his death, or until the death of the survivor of his two youngest children living at the time of his death, or the death of his only child, if he left but one; by the fourth, he directs his executors to apply, at their discretion, $50 a year to the relief of the poor of St. Mary's church in Grand street, in the city of New York, for and during the same term that he directs the $100 a year to be paid to the Roman Catholic Orphan Asylum. The legacies given by the 2d, 3d and 4th articles of the will, he directs to be a charge upon his leasehold estate, 197 Chatham street. By the fifth article of his will, the testator devises and bequeathes to his wife, so long as she shall continue his widow, his dwelling house, No. 232 Madison street, and all his household furniture.

Other than this devise to his wife, there is no devise of any part of the real estate, worth, it appears, over $70,000, until you come to the seventh article of the will. This article of the will is curiously and somewhat obscurely drawn, and in-

McLoughlin *v.* McLoughlin.

tended very carefully to avoid any unlawful restraint upon the power of alienation. It is enough, for the purpose of deciding the questions before us on this appeal, to say, that the seventh article of the will is, in effect, a devise and bequest of all the rest, residue and *remainder* of the testator's estate, real and personal, to his executors, upon certain express trusts, the validity of which are not questioned in this action; so that on the death of the testator, all his estate, real and personal, except the estate and interest devised and bequeathed to his wife during her widowhood, in his dwelling house and furniture, vested in his executors in trust, as executors, and under the seventh article of the will, subject to the payment of the debts and legacies. Indeed, if the testator had directly and in the first instance devised and bequeathed all his estate, real and personal, subject to the estate and interest given his wife during her widowhood, to his executors, in trust, therefrom to pay his debts and the legacies, and to hold the residue and remainder thereof upon the trusts and for the uses declared in the seventh and subsequent articles of the will, his intention that the legacies should be paid absolutely and in full, before the residue and remainder could or should be held and applied upon the trusts and to the uses declared in the seventh and subsequent articles, would not have been more apparent.

The whole frame and scheme of the will plainly shows that the testator intended the legacies to be paid absolutely and at all events. The devise and bequest, by the seventh article, to his executors, in trust for his children, &c., is not only in words a devise and bequest of the rest, residue and remainder, *after* the previous bequests of the legacies, but he directs interest to be paid on those not charged specifically on his leasehold interest in 197 Chatham street, payable as annuities from the time of his death. Why should he direct interest to be paid on these legacies from the time of his death, if he did not intend that they should be paid absolutely and at all events? Probably the testator intended that the income from

his real estate, including 197 Chatham street, should help pay the legacies given by the first article of the will; hence he directs those legacies to be paid in such order and by such installments, or otherwise, as his executors should deem most for the *interest of his estate.*

It is plain to me, that these legacies are a charge upon the whole real estate of the testator, and that if necessary, his real estate, other than the leasehold interest in 197 Chatham street, should and must contribute to the full payment thereof.

The judge, at special term, also held and decided that the bequest of the annuity of $50 a year for the use of the poor of St. Mary's church in Grand street, was invalid and void. As appears from the judge's opinion, his decision on this question was a mere matter of form, so that the question might go up to the general term with the other question as to the legacies.    There can be no doubt that the direction of the testator to his executors to apply, at their discretion, $50 a year to the relief of the poor of St. Mary's church, was valid and can be enforced.    The testator, in effect, left nearly the whole of his estate to his executors; why could he not direct them out of it to pay $50 a year to the poor of St. Mary's church?    He could have paid that sum yearly for their relief in his lifetime, and he could, by his will, direct his executors to do it after his death.    The discretion given to the executors as to the application, does not affect the validity of the direction or bequest.    It would be very extraordinary if there were no poor of that church.    The executors can and must act, and exercise their discretion.    I can see no principle upon which this direction or bequest is invalid.    The bequest is not to the poor, but to the executors, for the benefit of the poor. The executors take the whole estate, and can execute the charity.    The testator has seen fit to give them a discretion as to the application of the annual payment, and they can and ought to exercise that discretion.

The judgment, at special term, must be modified so as to

conform to the conclusions of this opinion on the only two questions which appear to be presented by the appeal.

The costs of all parties on this appeal must be paid out of the estate of the testator in the hands of the plaintiffs.

[NEW YORK GENERAL TERM, December 22, 1859. *Roosevelt, Ingraham* and *Sutherland,* Justices.]