MARIA L. THORP AND ALFRED T. ACKERT, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF D. LYON THORP, DECEASED, RESPONDENTS, *v.* GEORGE MUNRO AND OTHERS, APPELLANTS.

*Legacy — when charged on real estate — what allegation as to the insolvency of the executor is sufficient — accounting, when not necessary.*

In this action, brought to charge certain real estate with the payment of a legacy bequeathed by Nathan Thorp, deceased, who died a resident of New Jersey, it appeared that said deceased left a will in which, after making provision for his widow, by appropriating to her use for life certain real and personal property, he directed the investment of $1,000 to the use of his brother, D. Lyon Thorp, and among other things provided as follows: "I give, bequeath and devise to my son Albert G. Thorp, Junior, Esquire, * * * the house and lot of land situate at 31 West Twenty-second street, New York, * * * *subject to the foregoing provisions in this, my will,* and also all the rest and residue of my estate, whatsoever and wheresoever the same may be."

The one thousand dollar legacy above mentioned was never invested as directed by the will; the personal estate was insufficient (by reason of unfortunate investments thereof), to pay such legacy, and it was claimed by the plaintiff that by the provisions of the will an intention was shown to charge the residuary estate with the payment of the legacy mentioned:

*Held,* that the language of the gift of the residuary estate, "subject to the foregoing provisions in this, my will," showed an intention on the part of the testator, to charge the property so given, subject to such provisions, with the payment of the legacy in question, and that the residuary legatee and devisee took such residuary estate subject to such payment.

*Held*, further, that the objection by the defendant, that an allegation of the complaint alleging the insolvency of the executor and that he had expended the personal property of the estate, was insufficient to establish insolvency, was not well taken.

That where an executor admitted that the whole estate was squandered, and that there was nothing left of it, it was not necessary that there should be an accounting.

APPEAL from a judgment in favor of the plaintiffs, adjudging that the interest on the sum of $1,000, directed to be paid by the last will of Nathaniel Thorp, deceased, to D. Lyon Thorp, during his life, was a lien or charge upon certain premises described in the complaint in this action, directing a sale of the said premises and the payment of such interest out of the proceeds thereof.

*Walsh & Eckerson*, for the appellants.

*John Chetwood*, for the respondents.

BRADY, J.:

This action was brought to charge a parcel of real estate with the burden of a legacy given by Nathan Thorp, deceased, who was a resident of New Jersey, and died at Rahway, in that State. He left him surviving a widow and an only child, Albert G. Thorp, Jr., whom he made his sole executor. The will directed the payment of debts, made provision for the widow by the appropriation to her use for life of the homestead in Rahway, the use of the household furniture and of the rents of realty in New Jersey, and the payment to her of the dividends on fifty shares of New Jersey railroad and transportation stock, and, also, on stock of the National Bank of Rahway. It then directed the investment of $1,000 to the use of his brother, D. Lyon Thorp, the interest of which was to be paid to him during his natural life, and upon his death the principal was directed to be paid to his son or sons then living; if none living, the same was to become part of his residuary estate. He also bequeathed to Albert G. Merchant the sum of $500, and made bequests to persons named, engravings and portraits and his gold watch, none of which, however, were to take effect during the lifetime of his wife. By the seventh clause of his will, the contents of which present the question to be considered, he made a specific devise of the house and lot No. 31 West Twenty-second street, in the city of New

York, to Albert G. Thorp, Jr., together with all the furniture therein belonging to him. That clause is as follows:

"*Seventhly.* I give, bequeath and devise to my son, Albert G. Thorp, Junior, Esquire, counsellor-at-law in New York, his heirs and assigns forever, the house and lot of land situate at 31 West Twenty-second street, New York, where he now resides, together with all the furniture therein belonging to me. Also all other real and personal estate which I may own or possess in New York, New Jersey or anywhere else, subject to the foregoing provisions in this, my will, and also all the rest and residue of my estate, whatsoever and wheresoever the same may be."

It appeared upon the trial that the personalty amounted to about $30,000, all of which had been disposed of by the executor in unfortunate operations; that he never invested the sum of $1,000, as directed by the will, and that he was insolvent; and, further, that the last piece of property conveyed by him, which was a part of the residuary estate, was that described in the complaint and upon which the judgment rendered herein rests. The theory of the plaintiff's case is that the intention to charge the residuary estate with the payment of the legacy mentioned appears beyond all peradventure. The defendant contests the accuracy of this, and insists that the action was prematurely brought, for the reason that it is not alleged and does not appear that the executor ever made or rendered any account of his proceedings, or had ever been called upon to make such accounting, and that the complaint does not contain any allegation to the effect that he has not in his hands sufficient funds or property of the estate to pay it, contending further that the allegation of the insolvency of the executor, and that he has expended the personal property of the estate, is not sufficient to establish insolvency. It is not disputed that the premises mentioned in the complaint form a part of the residuary estate. It will have been observed that except that part of it, the income of which was given to the testator's widow, and the two bequests, one to D. Lyon Thorp and the other to Albert G. Merchant, and the engravings and portraits to which reference has been made, there was no disposition of the personal estate. It was, therefore, blended with the real estate not specifically mentioned, and formed a part of the residuary estate, which was given, as will also have been seen, to Albert G.

Thorp, Jr., the executor, but, according to the language of the gift, "subject to the foregoing provisions in this, my will;" the following words in the clause being, beyond all question, surplusage.

It is undoubtedly the rule that the personal estate is the primary fund out of which legacies are payable, and that the real estate is not charged with the payment of them, unless the testator intended it to be, which must be either expressly declared or fairly and satisfactorily inferred from the language and disposition of the will; (*Leigh* v. *Savidge*, 14 N. J. Eq., 129, and cases cited), or, as stated in the case of *Wiltsie* v. *Shaw* (100 N. Y., 194), it is not controverted that in the absence of directions by the testator, or some manifest intention on his part, the general rule requires that legacies shall be paid out of the personal estate, and whether the legacy is a lien or charge upon the real estate must be gathered from the words of the will or found in some provision of law. This rule is also shown in Roper on Legacies (p. 670, note 1) to have been declared in many cases in this country, viz., that the intention to charge the payment of legacies upon real estate arises only when the intention so to charge it is expressly declared or fairly to be inferred from the language of the will. The executor, having been made the recipient of all the other real and personal estate owned by the testator in New York, New Jersey or elsewhere, "subject to the foregoing provisions of the will," and no specific appropriation of any part of his estate having been made for the payment of the legacies, took the gift subject to such payment, and the real estate was thus charged. The words "subject to the foregoing provisions of this, my will," leave no doubt upon the question. The lexicographers define the word "subject" as meaning "to make liable; to bring under the control or action of; to make subservient." No other interpretation can be given to the language thus employed, which, indeed, may be regarded without perversion of its meaning as an express direction to that effect. This brings it within the rule stated.

The pursuit of knowledge upon this subject has not resulted in the discovery of any adjudication directly in point. The decisions which are germane are perplexing and difficult to reconcile. The observation attributed to Sir WILLAM JONES, uttered more than 200 years ago and recalled in *Rathbone* v. *Dyckman* (3 Paige, 26),

that a case upon a will has no brother, is strongly applicable here. Authorities in point, therefore, cannot reasonably be expected. BOWEN J., in *Reynolds* v. *Reynolds* (16 N. Y., 257), grouping together the causes which make the payment of legacies a charge upon the real estate gives the result as follows : " Where a testator directs his debts and legacies to be first paid and then devises real estate ; or where he devises the *remainder* of his estate, real and personal, after payment of debts and legacies, or devises real estate after payment of debts and legacies it has been held that the real estate was charged. So, too, where the devisee of real estate is appointed executor and is expressly directed to pay debts and legacies the charge will be created." This case, though not perhaps expressly within this group, is embraced within the observation of JOHNSON J., in the opinion rendered by him in the same case, as a reason why the realty was not charged with the payment of the legacies, nor is the devise of the real estate made subject to the payment of the legacies or after their payment. It is thought that the language of the seventh clause, to which attention has been called, is equivalent to that above quoted.

In *Ragan* v. *Allen* (7 Hun, 537), it was held that " where a testator gave several legacies and then, without creating any express fund or trust for their payment, made a general residuary disposition of the rest, residue and remainder of his real and personal estate, blending the real and personal together in one fund, the real estate is to be charged with the legacies upon the ground that in such case the rest, residue and remainder can only mean what remains after satisfying the previous legacies." The words used in the will under consideration are equivalent to if they do not exceed in significance the words " rest, residue and remainder." In *Tracy* v. *Tracy* (15 Barb., 503), the same rule was declared. (See also *McLoughlin* v. *McLoughlin*, 30 Barb., 458 ; *Shulters* v. *Johnson*, 38 id., 80.)

In *Hoyt* v. *Hoyt* (85 N. Y., 149), this rule was referred to in combination with the cases bearing upon it, and it was said to prevail in some of the States of the Union and in the Federal Supreme Court, and it was further said " we were urged to adopt this rule in deciding *Bevan* v. *Cooper*, but while we did not undertake to question the soundness of the reasoning in the decisions there cited, we had in mind the remarks of the Chancellor in *Lupton* v. *Lupton* (2

Johns. Ch. R., 623), and of POTTER, J., in *Myers* v. *Eddy* (47 Barb., 263), and as we could dispose of the case then without adopting 'or rejecting the rule, we did neither."

This adjudication is referred to as one which, though it does not decide the question or adopt the rule, nevertheless by not undertaking to question the soundness of the reasoning of which it is predicate, virtually intimates its propriety and justice. The right of the plaintiff to recover therefore, seems to be sustained not only by the intention of the testator, plainly expressed, to charge the residuary estate with the payment of the legacies, but also upon the construction to be placed upon his will resulting from the blending of the real and personal estate together as one gift.

The determination of this question substantially disposes of this appeal, inasmuch as there can be no doubt under the authorities that a specific devise of real estate relieves it from the burden of any legacy, unless it be expressly charged therewith by the testator. (1 Roper on Legacies, m. p., 680.) Here the charge seems to be expressly of the residue for the reasons assigned. It is given subject to the provisions of the will. Nor is there any doubt that in a case distinguished by the facts and circumstances of this, it is not necessary that there should be an accounting. To require it where the executor admits that the whole estate is squandered and that there is nothing left of it, would be a futile and idle ceremony, a vain thing, and vain things are condemned in legal maxims, as was observed in *Perkins* v. *Stimmel* (42 Hun, 522).

The judgment should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed.